1  William H. Littlewood, # 202877                    (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA 93720-1501
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
   Attorneys for Plaintiffs
6  MICHAEL ROSS, BELLA PORTIA ROSS; and
   M ROSS PHILIPPINE CORPORATION
7

8                      UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

10

11  MICHAEL ROSS, an individual; BELLA       Case No.
    PORTIA ROSS, an individual; M ROSS
12  PHILIPPINE CORPORATION, a               **COMPLAINT FOR CIVIL RICO,**
    Philippines corporation,                **INTENTIONAL MISREPRESENTATION,**
13                                          **FALSE PROMISE WITHOUT INTENT TO**
                    Plaintiffs,             **PERFORM, AND CONSPIRACY TO**
14                                          **COMMIT FRAUD**
    v.
15
    RACHELL ALLEN REVIEWERS USA,
16  INC., a Philippines corporation; REGNAR
    DELEON, an individual; RAQUEL
17  DELEON, an individual; and DOES 1-25,
    inclusive,
18
                    Defendants.
19

20          COME NOW Plaintiffs MICHAEL ROSS ("Mr. Ross"), BELLA PORTIA ROSS

21  (Mrs. Ross) and M ROSS PHILIPPINE CORPORATION ("MRPC") (collectively referred to

22  herein as "Plaintiffs") and state, allege and aver for their Complaint against Defendants

23  RACHELL ALLEN REVIEWERS USA, INC., REGNAR DELEON, and RAQUEL DELEON as

24  follows:

25                          **JURISDICTION AND VENUE**

26          1.    This action is brought under the federal Racketeer Influenced and Corrupt

27  Organization Act ("RICO Act"), 18 U.S.C. §1961, *et seq.*, and various other California common

28  law doctrines and/or statutes.  Jurisdiction is vested in this Court by virtue of 17 U.S.C. §501(b)

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1   and 28 U.S.C. §1331.  Plaintiffs' claims brought under California law are so related to Plaintiffs'

2   federal claims, over which the Court has original jurisdiction, that they form part of the same case

3   or controversy.  Under Article III of the United States Constitution, the Court has supplemental

4   jurisdiction over Plaintiffs' California common law and/or statutory claims pursuant to 28 U.S.C.

5   §1367.

6           2.      This Court further and alternatively has jurisdiction over this action pursuant

7   to 28 U.S.C. §1332(a) because of diversity of citizenship.  Mr. and Mrs. Ross are citizens of the

8   United States and, at all times relevant herein, were residents of the State of California (see

9   Paragraphs 5 and 6 below).  MRPC is a Philippines corporation with its principal place of business

10  located in Manila, Philippines (see Paragraph 7 below).  Defendants are citizens, residents and/or

11  have their principal place of business in the States of Michigan and Illinois (see Paragraphs 8

12  below).  The amount in controversy exceeds $75,000 exclusive of interest and costs.

13          3.      A substantial part of the events and omissions giving rise to the claims stated

14  herein occurred in this District (within the city of Richmond, in the State of California).  Venue is

15  proper in this District and this Division pursuant to 28 U.S.C. §§1391(b)(2) and (3) and pursuant to

16  18 U.S.C. §1965(b).

17          4.      This Court has personal jurisdiction over each of the named defendants in that

18  the statements, actions, conduct and omissions giving rise to this Complaint either occurred in this

19  state or were directed at this state by Defendants, and each of them, making it reasonably

20  foreseeable that each would have to defend an action here.  More specifically, Defendants, and each

21  of them, directed their fraudulent conduct and scheme to defraud at Ross within the State of

22  California and therefore purposefully availed themselves of the laws and benefits of the State of

23  California.  Exercise of personal jurisdiction over these Defendants comports with notions of fair

24  play and substantial justice.

25                          **PARTIES TO THIS LITIGATION**

26          5.      Plaintiff MICHAEL ROSS is, and at all times material herein was, an

27  individual and citizen of the United States.  During all times relevant to the allegations of this

28  Complaint, Mr. Ross was a resident of and domiciled in the City of Vallejo, State of California.  As

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 River Park Place East
Fresno, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1  alleged more fully below, in reasonable and justifiable reliance upon the misrepresentations and

2  wrongful conduct of the Defendants giving rise to this action, Mr. Ross moved to the Philippines to

3  start a new business providing nursing review programs to nurses seeking certification and

4  licensure.

5        6.   Plaintiff BELLA PORTIA ROSS is, and at all times material herein was, an

6  individual and permanent resident of the United States.  During all times relevant to the allegations

7  of this Complaint, Mrs. Ross was a resident of and domiciled in the City of Vallejo, State of

8  California.  As alleged more fully below, in reasonable and justifiable reliance upon the

9  misrepresentations and wrongful conduct of the Defendants giving rise to this action, Mrs. Ross

10  moved to the Philippines to start a new business providing nursing review programs to nurses

11  seeking certification and licensure.

12        7.   Plaintiff M ROSS PHILIPPINE CORPORATION is, and at all material times

13  was, a corporation organized and existing under the laws of the Philippines, with its principal place

14  of business in Manila, Philippines.

15        8.   Defendant RACHELL ALLEN REVIEWERS USA, INC. ("RAR") is, and at

16  all times material to the claims at issue in this action was, a Philippines corporation, with its

17  principal place of business in Pasig City, Philippines.  RAR conducts business in the United States

18  by and through its authorized agents, Defendants Raquel DeLeon and Regnar DeLeon.  As alleged

19  more fully below, RAR, by and through its officers, directors, and/or managing agents directed

20  fraudulent activity into the State of California, and more specifically, at Plaintiffs Mr. and Mrs.

21  Ross while Plaintiffs were residing in the State of California.

22        9.   Plaintiffs are informed and believe, and thereon allege, that Defendant

23  REGNAR DELEON is, and at all time material herein was, a competent adult with his principal

24  residence in the Philippines.  Plaintiffs are further informed and believe, and thereon allege, that

25  REGNAR DELEON has a residence in the United States located in the State of Illinois and at

26  various times in the past five years has lived at that residence.  Plaintiffs are informed and believe,

27  and thereon allege, that REGNAR DELON on behalf of himself and RAR directed fraudulent

28  activity into the State of California, and more specifically, at Plaintiffs Mr. and Mrs. Ross while

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1    Plaintiffs were residing in the State of California.

2            10.    Plaintiffs are informed and believe, and thereon allege, that Defendant

3    RAQUEL DELEON is, and at all time material herein was, a competent adult with her principal

4    residence in the State of Michigan.  Plaintiffs are further informed and believe, and thereon allege,

5    that RAQUEL DELON is the mother of REGNAR DELEON.  Plaintiffs are informed and believe,

6    and thereon allege, that RAQUEL DELEON on behalf of herself and RAR directed fraudulent

7    activity into the State of California, and more specifically, at Plaintiffs Mr. and Mrs. Ross while

8    Plaintiffs were residing in the State of California.

9            11.    Plaintiffs are informed and believe, and thereon allege that, at all times

10   mentioned herein, RAR was owned solely by Defendants RAQUEL DELEON and REGNAR

11   DELEON and was so inadequately capitalized compared with the business undertaken by it and the

12   risk of loss or harm attendant thereto so great, and that RAQUEL DELEON and REGNAR

13   DELEON exercised such dominance and control over RAR that any individuality or separateness

14   between RAR and RAQUEL DELEON and REGNAR DELEON has already ceased.  Adherence to

15   the corporate fiction of RAR's separate existence would permit an abuse of the corporate privilege

16   and produce an inequitable result.

17           12.    Plaintiffs are further informed and believe, and thereon allege, that RAQUEL

18   DELEON and REGNAR DELEON used RAR as a mere instrumentality through which to operate,

19   exercising control and dominance to such an extent that maintenance of any individuality or

20   separateness between RAQUEL DELEON and REGNAR DELEON, on the one hand, and RAR,

21   on the other, is not warranted.  Plaintiff is also informed and believes that, during the relevant time

22   period mentioned herein, RAR, was the alter ego of RAQUEL DELEON and REGNAR DELEON

23   so that adherence to the fiction of separate existence between RAR, on the one hand, and RAQUEL

24   DELEON and REGNAR DELEON, on the other, would permit an abuse of the corporate privilege

25   and produce an inequitable result.

26           13.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants

27   was the agent, servant, and/or employee, as well as co-conspirator, of each other Defendant and in

28   taking the actions alleged herein was acting within the course and scope of said agency, servitude,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

employment, and/ or conspiracy.

**BACKGROUND ALLEGATIONS COMMON TO ALL CLAIMS**

    A.      **The Negotiations and Underlying Fraud**

       14.  Plaintiffs reallege and incorporate herein, by this reference, each of the allegations set forth in Paragraphs 1 through 13, above.

       15.  In or about the Spring of 2007, Plaintiffs Mr. and Mrs. Ross were presented with the opportunity to start a nursing review and test preparation business located in the Philippines.  At the time this opportunity presented itself, Plaintiffs Mr. and Mrs. Ross were residing in the City of Vallejo, State of California.

       16.  Plaintiffs Mr. and Mrs. Ross were presented with the opportunity to license, through a non-exclusive license, a nursing review program designed to offer review materials and courses in the Philippines for Filipinos looking to enter into the nursing profession in the United States.  The nursing program, and non-exclusive license of the same, was offered through an entity known as Rachell Allen Reviewers USA, a named Defendant in this action.  Rachell Allen Reviewers USA held itself out as the preeminent nursing review program specializing in offering review programs for CGFNS and NCLEX tests.

       17.  It was during the negotiations between the parties for the above-referenced transaction that the Defendants engaged in fraudulent and other racketeering activities giving rise to the instant lawsuit.

       18.  Defendants RAQUEL DELEON and REGNAR DELEON, both individually and in their capacities as representatives of RAR, made both oral and written representations concerning the Rachell Allen Reviewers review program that patently were false.  Defendants provided Plaintiffs, Mr. and Mrs. Ross, with a written Business Proposal that represented *inter alia*:

       a.    That RAR's President and CEO is one Professor Rachell Allen, RN, MSN, NP-Certified specialist.

       b.    That RAR has an established presence in the United States.

       c.    That the RAR mark is registered with the Intellectual Property Office ("IPO") of the Philippines.

5

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 River Park Place East
Fresno, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

d.  That "Prof. Rachell Allen" is a "Chicago-based Fil-Am Nurse" who obtained her BS Nursing and Masters in Nursing with honors from Andrews University in the United States.

e.  That "Prof. Rachell Allen" authored several review materials including the "Rachell Allen 25 Day Integrated Review Program", "NCLEX Made Fun & Easy", "NCLEX Reviewer", and "Rachell Allen Comprehensive Nursing Review Handbook."

f.  That "Prof. Rachell Allen" personally trained RAR's group of review lecturers from the United States.

g.  That "Rachell Allen" or RAR own the intellectual property rights in the "Rachell Allen 25 Day Integrated Review Program" and that RAR had the right to license them to MRPC.

Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and correct copy of the Business Proposal provided by Defendants RAR, RAQUEL DELEON AND REGNER DELEON in connection with their negotiation efforts with Plaintiffs Mr. and Mrs. Ross.

19.  The representations both made orally and as set forth in Defendants' written Business Proposal were material and patently false when made.  Plaintiffs are in formed and believe, and thereon allege, that:

a.  There exists no individual by the name of Rachell Allen with the credentials represented by Defendants.

b.  RAR had no established presence in the United States at the time the representations were made, nor does RAR currently have such a presence in the United States.

c.  RAR had no mark registered with the Intellectual Property Office ("IPO") of the Philippines at the time the representations were made, nor does RAR presently have any such mark registered with the IPO of the Philippines.

d.  There is no Rachell Allen who is a Fil-Am nurse who obtained her B.S. and Masters degrees with honors from Andrews University.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

e.    "Prof. Rachell Allen" has not authored any review materials, let alone the several review materials represented by Defendants including the "Rachell Allen 25 Day Integrated Review Program", "NCLEX Made Fun & Easy", "NCLEX Reviewer", and "Rachell Allen Comprehensive Nursing Review Handbook."   Plaintiffs have since learned that the review materials referenced by Defendants were, in fact, a plagiarized compilation of review materials from other established nursing review programs.

f.    There is no Prof. Rachell Allen, and thus, she did not personally train the review lecturers from the United States; and

g.    "Rachell Allen" or RAR do not own any intellectual property rights in the "Rachell Allen 25 Day Integrated Review Program" and RAR did not have any right or ability to license said rights, or any such similar rights, to MRPC.   The materials that Defendants represented that they owned intellectual property rights in were nothing more than a compilation of plagiarized review materials from other recognized review courses.

20.   The above-referenced materially false and misleading representations were made verbally and in writing by Defendants during various exchanges between the parties and their representatives regarding the possibility that Plaintiffs would enter into a non-exclusive license agreement with RAR.  Said representations were made over the telephone, through electronic mail, through the U.S. and foreign mails, and by use of wire transfers, all of which affected interstate and foreign commerce.

21.   Thereafter, and in justifiable reliance upon the representations made by the Defendants, and each of them, Plaintiff Mr. Ross applied for a non-exclusive license with RAR. The application was provided to Mr. Ross by RAR and its agents through electronic mail. Defendant REGNAR DELEON represented to Plaintiffs that the application had to be reviewed and approved by Professor Rachell Allen.  Mr. Ross submitted the application upon its completion and within seven days it was approved by RAR, whereby RAR communicated to Mr. Ross that it would enter into a non-exclusive license with him to run a review program in the Philippines.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

22. Thereafter, Mr. and Mrs. Ross moved their family from Vallejo California to Manila, in the Republic of the Philippines in order to complete the non-exclusive license transaction and commence running their new nursing review program. Plaintiffs Mr. and Mrs. Ross made this substantial relocation based upon the representations made by Defendants relative to the alleged quality of the Rachell Allen Reviewer study program and materials, and more specifically, upon the representation that Defendants had the authority, ability and intellectual property rights necessary to license those review materials, the review program course work, and the alleged Rachell Allen Delivery System.

23. Plaintiff Mr. Ross on behalf of M Ross Philippines Corporation, on the one hand, and RAR through its duly authorized agent Regnar DeLeon, entered into a non-exclusive license agreement. Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of the Non-Exclusive License Agreement.

24. To facilitate the commencement of their new business in the Philippines, and again in reliance upon the representations made by Defendants during the negotiations alleged above, Plaintiffs Mr. and Mrs. Ross duly formed a corporation under the laws of the Republic of the Philippines known as M Ross Philippine Corporation, also a named Defendant herein. M Ross Philippine Corporation is the contracting party under the Non-Exclusive License Agreement.

**B.   Discovery of the Fraud**

25. Sometime in December 2007, while Plaintiffs Mr. and Mrs. Ross were browsing through some books available in the Philippine market on NCLEX-RN, they were surprised that the materials were very familiar. Plaintiffs found out that the said items were very familiar because they had seen them previously in the materials provided to them by RAR.

26. Plaintiffs reviewed a copy of RAR's 25-Day Integrated Review Student's Workbook ("Workbook").

27. Plaintiffs compared the pages of the Workbook with the NCLEX-RN books that are available in Philippine bookstores. They were surprised that there are many identical items in the Workbook and the various other NCLEX-RN books. As the NCLEX-RN books were published earlier than the Workbook, the contents of the Workbook were evidently merely copied

8

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA. 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

(in many instances verbatim) from the NCLEX-RN books.

28.   The identical items include in the following:

a.   Items in pages 1 and 2 of the Workbook, even the illustrations, were lifted from page 28 of the book "NCLEX-RN, Made Ridiculously Easy" by Andreas Carl, MD, PhD, published by Medmaster Inc. in 2005 (hereinafter the "Carl Book");

b.   Items in page 9 of the Workbook were lifted from pages 29 and 30 of the Carl Book;

c.   Items in page 10 of the Workbook were lifted from pages 30, 32-33 of the Carl Book;

d.   Items in page 11 to 16 of the Workbook were lifted from pages 3 to 8 of the Carl Book;

e.   Items in page 17 of the Workbook were lifted from pages 14, 16-17 of the Carl Book;

f.   Items in page 18 of the Workbook were lifted from pages 18-21 of the Carl Book;

g.   Items in pages 19 and 20 of the Workbook were lifted from pages 23-25 of the Carl Book;

h.   Items in pages 21 to 23 of the Workbook were lifted from pages 216-220 of the Carl Book;

i.   Items in page 24 of the Workbook were lifted from the  Carl Book and in the book "Saunders Comprehensive Review for NCLEX-RN examination" by Linda Ann Silvestri, 3rd Edition, published by W. B. Saunders Company in January 2006 (hereinafter the "Saunders Book");

j.   Items in page 25 of the Workbook were lifted from page 540 of the Saunders Book;

k.   Items in page 26 and 27 of the Workbook were lifted from pages

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

542 to 544 of the Saunders Book;

l.   Items in page 28 of the Workbook were lifted from pages 566 to 568 of the Saunders Book;

m.   Items in page 29 of the Workbook were lifted from page 10 of the Carl Book and page 568 of the Saunders Book;

n.   Items in page 30 of the Workbook were lifted from page 580 of Saunders Book and pages 10 and 11 of the Carl Book;

o.   Items in page 31 of the Workbook were lifted from page 11 of the Carl Book and pages 579, 580, 582 and 584 of the Saunders Book;

p.   Items in page 32 of the Workbook were lifted from pages 584-585, 566 of the Saunders Book;

q.   Items in pages 33 to 36 of the Workbook were lifted from pages 586, 588-594 of the Saunders Book;

r.   Items in page 37 of the Workbook were lifted from pages 595, 597 and 617 of the Saunders Book;

s.   Items in pages 38 of the Workbook were lifted from pages 617 to 619 of the Saunders Book;

t.   Items in page 39 of the Workbook were lifted from pages 619, 620, and 629 of the Saunders Book;

u.   Items in page 54 of the Workbook were lifted from pages 678 to 679 of the Saunders Book;

v.   Items in page 90 of the Workbook were lifted from page 90 of the Carl Book;

w.   Items in page 56 to 59 of the Workbook were lifted from pages 93 to 95 of the Carl Book;

x.   Items in pages 61 to 71 of the Workbook were lifted from pages 98 to 116 of the Carl Book.

29.   With their discovery of the extensive copying in the Workbook, Plaintiffs

10

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

could not believe how Defendants could have represented to them that RAR owns the intellectual property rights over the "Rachel Allen" material, when the contents of such material were readily available elsewhere and merely copied.

30.     Because of this discovery, Plaintiffs became suspicious and concerned that the other representations made by Defendant Regnar De Leon were not true.  Since Mr. and Mrs. Ross had already invested heavily in the License Agreement, in the incorporation of MRPC, in the operation of the review center, and in the relocation of their family from the USA to Manila, in reliance on the representations made by the Defendants, they decided to make further inquiries as to the truth of the other representations made prior and/or simultaneous to the execution of the License Agreement.

31.     To their shock and disappointment, Plaintiffs learned that almost all of the representations made by Defendants REGNAR DELEON. RAQUEL DELEON and RAR, were false.

32.     First and foremost, Plaintiffs learned that there is no such person as a Prof. Rachell Allen, whom Mr. Regnar de Leon represented to be:  (1) a US RN, MSN, NP-CS who obtained her BS in Nursing and Masters in Nursing, with honors, in Andrews University in the USA; and (2) a practicing nurse in Chicago, USA.

33.     As such non-existent person, such a Prof. Rachell Allen, could not have authored such materials as the "NCLEX Made Fun and Easy!," "Rachell Allen 25-day integrated Review Program," "NCEE Reviewer" and the "Rachell Allen Comprehensive Nursing Review Handbook."

34.     As such non-existent person, said Prof. Rachell Allen could not have authored proprietary educational modules that Regnar de Leon represented to have been created by said Prof. Rachell Allen.

35.     As such non-existent person, said "Prof. Rachell Allen could not have taught and personally trained RAR's pool of lecturers.

36.     RAR does not have copyrighted Program/Course Materials such as curriculum, programs and manuals for CGFNS and NCLEX Review as many of these materials

11

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA. 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1 were lifted from sources elsewhere and merely copied.

2         37.     The mark "Rachell Allen Reviewers USA" is not registered with the Bureau

3 of Trademarks of the Intellectual Property Office.

4     **C.**     **Plaintiffs' Harm as a Result of Defendants' Wrongful Conduct**

5         38.     Plaintiffs have been damaged in excess of $300,000.00 (US) as a proximate

6 result of, and in material reliance upon, the numerous material misrepresentations made by the

7 Defendants in respect to the Rachell Allen Reviewers nursing review program. Such damages

8 include but are not limited to incurred consulting fees, franchise fees, travel expenses, relocation

9 expenses, office lease, building and tenant improvements, cost of purchase business assets,

10 operational expenses, fees paid to Rachell Allen Reviewers corporate office, and marketing and

11 advertising expenses.

12         39.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs

13 have been left with no choice but to engage the services of McCormick, Barstow, Sheppard,

14 Wayte and Carruth LLP to enforce their respective rights under applicable Federal and State law.

15                                   **FIRST CLAIM FOR RELIEF**

16                     (Civil RICO — 18 U.S.C. §§1962(a), 1962(b), and 1962(c))

17         40.     Plaintiffs re-allege and incorporate herein, by this reference, each of the

18 allegations set forth in Paragraphs 1 through 39, above as though set forth fully herein.

19         41.     Defendant REGNAR DELEON is a "person" within the meaning of 18

20 U.S.C. §§1961(3) and 1964(c).

21         42.     Defendant RAQUEL DELEON is a "person" within the meaning of 18

22 U.S.C. §§1961(3) and 1964(c).

23         43.     Defendant RAR is, and at all times herein was, an "enterprise" within the

24 meaning of 18 U.S.C. §§1961(4) and 1962(a-c), in that it was a corporation separate and apart from

25 the racketeering activity described below. Upon Plaintiffs' information and belief, RAR operated

26 for legitimate business reasons in addition to the unlawful pattern, acts and practices described

27 herein. The mailing address for RAR is Suite 2604 Raffles Corporate Center, Emerald Avenue,

28 Ortigas Center, Pasig City, Metro Manila, Philippines 1600.

12

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

44.     The combination of RAR, RAQUEL DELEON and REGNAR DELEON constituted an "association in fact" enterprise within the meaning of 18 U.S.C. §1961(4).   In addition, the individual Defendants employed by and associated with each entity Defendant joined and became part of the association-in-fact enterprise by combining with the entities by which they were not employed, and with individuals employed by those entities, in performing the predicate acts constituting the pattern of racketeering activity alleged below.

45.     In engaging in the unlawful and fraudulent activity alleged hereinabove and below, Defendants RAR, RAQUEL DELEON and REGNAR DELEON used the mails of the United States, foreign mails, interstate and foreign telephone and facsimile lines, financial wires and electronic mail.  Said activities by the Defendants, and each of them, affected interstate and foreign commerce, and constituted but a part of the racketeering activities engaged in by the Defendants.

46.     Between at least 2005 through 2008, Defendants conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprises through a pattern of racketeering activity within the meaning of 18 U.S.C. §§1961(1), 1961(5) and 1962(c).  Defendants, and Defendants' authorized agents, committed predicate acts of mail fraud, wire fraud and bank fraud within the meaning of 18 U.S.C. §§1341 and 1961(1), as well as predicate acts of criminal copyright infringement within the meaning of 17 U.S.C. §506.  These acts consisted of making false and misleading statements, or statements made as an artifice or scheme to defraud, in written and verbal communications with individuals and businesses, including Plaintiffs, considering the possibility of licensing the right to use Rachell Allen Reviewers alleged review course and course materials.  The separate acts of mail, wire and bank fraud, as well as criminal copyright infringement, are numerous and consist of separate mailings of Business Proposals, Licensing Applications, use of wires and banking institutions to negotiate payments made to Defendants, distribution of course work literature and materials and the execution of the Non-Exclusive Licensing Agreements.  Every act of falsehood or misleading information in such records, statements and actions, facilitated through the use of the United States Mail or wires, constitutes a separate act of mail or fraud and hence a separate predicate act within

13

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1   the meaning of RICO and cases interpreting both RICO and the mail and wire fraud provisions of

2   18 U.S.C. §1341, which is a predicate act of racketeering activity under 18 U.S.C. §1961(1) and

3   (4).

4        47.    From in or about 2004 through 2008, Defendants knowingly and willfully,

5   and with intent to defraud, devised a scheme to defraud certain individuals and entities, including

6   Plaintiffs, by obtaining money in the form of licensing fees, royalties on student dues and transfer fees

7   from these individuals and entities through false and fraudulent pretenses and representations and

8   through the unauthorized use and licensing of copyright protected materials for the purposes of

9   commercial advantage or private financial gain.

10       48.    These acts all occurred after the effective date of the RICO Act and more

11  than two such acts occurred within ten years of one another.

12       49.    All of the predicate acts described in this Complaint were related and

13  establish a pattern of racketeering activity, within the meaning of 18 U.S.C. §1962(c), in that their

14  common purpose, and their common result, was to defraud Plaintiffs out of money.  Plaintiffs were

15  the victim of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by

16  distinguishing characteristics and were not isolated events.

17       50.    All of the predicate acts described within this Complaint were continuous

18  so as to form a pattern of racketeering activity in that Defendants, and each of them, engaged in the

19  predicate acts consistently and continuously over a substantial period of time or in that such

20  predicate acts had become Defendants' regular way of conducting business and said business

21  practices would have continued indefinitely into the future but for this lawsuit.

22       51.    At all times Plaintiffs were the reasonably foreseeable and/or anticipated

23  victim of Defendants' scheme and Plaintiffs were the target or victim of Defendants' fraudulent

24  scheme to have Plaintiffs pay licensing fees and royalties on student dues for course work and

25  study materials that Defendants had no right or ability to license.

26       52.    Plaintiffs became aware of the injury caused by Defendants' pattern of

27  racketeering activity in May of 2008.  Plaintiffs have initiated this litigation within four years of the

28  date on which they knew or should have known of such injury caused by the fraudulent activity of

14

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1    the Defendants.  Plaintiffs could not have discovered, through the use of reasonable diligence, the

2    injury caused by the predicate acts of racketeering activity any sooner than May of 2008.

3           53.     As a direct and proximate result of, and by reason of, the activities of

4    Defendants, and their conduct in violation of 18 U.S.C. §§1962(c), Plaintiffs have been injured in their

5    business or property, within the meaning of 18 U.S.C. §1964(c).

6           54.     Among other things, Plaintiffs have suffered damages to the extent they paid

7    RAQUEL DELEON and REGNAR DELON, and their entity RAR, licensing fees, transfer fees and

8    royalties on student dues.  Plaintiffs further have been damaged in the amount of the monies they have

9    expended in moving to the Philippines and the start-up costs they incurred as a result of the false and

10    fraudulent scheme employed by the Defendants.  Plaintiffs are, therefore, entitled to recover threefold

11    the damages they have sustained together with the costs of the suit including costs, reasonable

12    attorneys' fees and reasonable experts' fees.

13

14                         **SECOND CLAIM FOR RELIEF**

15                **(Fraud – Intentional Misrepresentation)**

16           55.     Plaintiffs re-allege and incorporate herein, by this reference, each of the

17    allegations set forth in Paragraphs 1 through 54, above as though fully set forth herein.

18           56.     In or about May 2007 Defendants, and each of them, falsely and

19    fraudulently made material misrepresentations of fact, as particularly set forth in Paragraph 18

20    above.  Said misrepresentations of fact were material to the contemplated Non-Exclusive Licensing

21    Agreement.

22           57.     The representations made by Defendants were in fact false.  Plaintiff is

23    informed, believes, and thereon alleges that:

24           a.     There exists no individual by the name of Rachell Allen with the credentials

25               represented by Defendants.

26           b.     RAR had no established presence in the United States at the time the

27               representations were made, nor does RAR currently have such a presence in

28               the United States.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

c.   RAR had no mark registered with the Intellectual Property Office ("IPO") of the Philippines at the time the representations were made, nor does RAR presently have any such mark registered with the IPO of the Philippines.

d.   There is no Rachell Allen who is a Fil-Am nurse who obtained her B.S. and Masters degrees with honors from Andrews University.

e.   "Prof. Rachell Allen" has not authored any review materials, let alone the several review materials represented by Defendants including the "Rachell Allen 25 Day Integrated Review Program", "NCLEX Made Fun & Easy", "NCLEX Reviewer", and "Rachell Allen Comprehensive Nursing Review Handbook."  The review materials referenced by Defendants were, in fact, a plagiarized compilation of review materials from other established nursing review programs.

f.   There is no Prof. Rachell Allen, and thus, she did not personally train the review lecturers from the United States; and

g.   "Rachell Allen" or RAR do not own any intellectual property rights in the "Rachell Allen 25 Day Integrated Review Program" and RAR did not have any right or ability to license said rights, or any such similar rights, to MRPC.   The materials that Defendants represented that they owned intellectual property rights in were nothing more than a compilation of plagiarized review materials from other recognized review courses.

58.   When Defendants made the representations referred to above, they knew them to be false.  These representations were made by Defendants with the intent to defraud and deceive Plaintiffs and with the intent to induce Plaintiffs to act in the manner herein alleged.

59.   Plaintiffs, at the time these representations were made and at the time they took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.   In reliance on these representations, Plaintiffs paid in excess of $237,000.00(US) in licensing fees, transfer fees and royalties on student dues to the Defendants.  In further reliance on these representations, Plaintiffs moved their family in excess of 7,000 miles to

16

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1   the Philippines to start a new business, and in doing so, expended substantial sums of money for

2   moving expenses and start-up costs for their new business.  Plaintiffs could not, in the exercise of

3   reasonable diligence, have discovered the falsity of Defendants' representations.  If Plaintiffs had

4   known the actual facts, Plaintiffs would not have taken such actions.

5           60.     As a direct and proximate result of Defendants' fraud, Plaintiffs have been

6   damaged in an amount in excess of $300,000.00, which amount will be particularly set forth

7   according to proof at the time of trial in this matter.  Post-judgment interest shall accrue on the

8   entire amount of any judgment on this claim at the maximum legal rate of ten percent (10.00%) per

9   annum until payment is made.

10          61.     The aforementioned conduct of Defendants constituted intentional

11   misrepresentation and deceit made with the intention, on the part of Defendants, to deprive

12   Plaintiffs of property, causing injury.  The conduct was despicable and subjected Plaintiffs to a

13   cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of

14   exemplary and punitive damages against Defendants.  Punitive damages should be awarded against

15   Defendants in an amount sufficient to punish the Defendants for such despicable conduct, to make

16   an example of them, and to act as a deterrent to prevent similar conduct by Defendants and others

17   in the future.

18          62.     This Court has jurisdiction over this claim for relief pursuant to 28 U.S.C.

19   §1332(a) because there exists a complete diversity of citizenship among the parties and the amounts

20   at issue in this claim are well in excess of this Court's jurisdictional minimum.

21                          **THIRD CLAIM FOR RELIEF**

22                   **(Fraud — Promise Without Intent to Perform)**

23          63.     Plaintiffs re-allege and incorporate herein, by this reference, each of the

24   allegations set forth in Paragraphs 1 through 62, above as though fully set forth herein.

25          64.     In or about May 2007, Defendants and each of them represented to

26   Plaintiffs that they would license to Plaintiffs a nursing review program and that Defendants had

27   the intellectual property rights in that review program to do so.

28          65.     At the time Defendants made the aforementioned promises to Plaintiffs,

17

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1  Defendants had no intention of performing them because Defendants knew that they had no
2  intellectual property rights in the alleged nursing review program to license to Plaintiffs.

3  66.   The aforementioned promises were made by Defendants with the intent to
4  induce Plaintiffs to enter into and pay licensing fees for a nursing review program that was not
5  owned by Defendants.

6  67.   Plaintiffs, at the time the promises were made, and at the time they took the
7  actions herein alleged, were ignorant of Defendants' secret intention not to perform but to instead
8  defraud Plaintiffs out of licensing fees for a product not owned by the Defendants.  Plaintiffs could
9  not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions, as noted
10  above.  If Plaintiffs had known the actual facts, Plaintiffs would not have taken the actions they did
11  including, without limitation, entering into a non-exclusive licensing agreement with RAR, moving
12  from California to the Philippines, and paying licensing fees, transfer fees and royalties on student
13  dues.

14  68.   Defendants failed to abide by their promises and fraudulently accepted
15  Plaintiffs' licensing fee payments without ever delivering a nursing review program and the alleged
16  intellectual property rights attendant thereto, as previously represented.

17  69.   As a direct and proximate result of Defendants' fraud, Plaintiffs have been
18  damaged in an amount in excess of $300,000.00, which amount will be particularly set forth
19  according to proof at the time of trial in this matter.  Post-judgment interest shall accrue on the
20  entire amount of any judgment on this claim at the maximum legal rate of ten percent (10.00%) per
21  annum until payment is made.

22  70.   The aforementioned conduct of Defendants constituted intentional
23  misrepresentation and deceit made with the intention, on the part of Defendants, to deprive
24  Plaintiffs of property, causing injury.  The conduct was despicable and subjected Plaintiffs to a
25  cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of
26  exemplary and punitive damages against Defendants.  Punitive damages should be awarded against
27  Defendants in an amount sufficient to punish the Defendants for such despicable conduct, to make
28  an example of them, and to act as a deterrent to prevent similar conduct by Defendants and others

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1    in the future.

2          71.    This Court has jurisdiction over this claim for relief pursuant to 28 U.S.C.

3    §1332(a) because there exists a complete diversity of citizenship among the parties and the amounts

4    at issue in this claim are well in excess of this Court's jurisdictional minimum.

5                              **FORTH CLAIM FOR RELIEF**

6                              **(Conspiracy to Defraud)**

7          72.    Plaintiffs re-allege and incorporate herein, by this reference, each of the

8    allegations set forth in Paragraphs 1 through 71, above as though fully set forth herein.

9          73.    At all times herein relevant, the named Defendants consist of two or more

10   persons or business entities, all had an object to be accomplished, all had a meeting of the minds on

11   the object or course of action, committed one or more unlawful or overt acts, and this conspiracy

12   resulted in damages to Plaintiffs.

13         74.    Defendants RAR, RAQUEL DELEON and REGNAR DELEON had an

14   agreement among themselves whereby they each knowingly and wrongfully agreed to facilitate,

15   conceal, advance, promote, and otherwise further their scheme to defraud Plaintiffs.  The objective

16   of this conspiracy was to elicit and secure substantial payment of sums for licensing fees and

17   royalties by Plaintiffs for a product to which Defendants had no intellectual property rights or any

18   right to license to Plaintiffs in the first place.

19         75.    The Defendants, and each of them, engaged in numerous wrongful acts

20   pursuant to their agreement as set forth with particularity above in this Complaint.

21         76.    From in or about 2004 through 2008, Defendants knowingly and willfully,

22   and with intent to defraud, devised a scheme to defraud certain persons and entities, including

23   Plaintiffs, by obtaining money from these persons and entities through false and fraudulent pretenses

24   and representations.

25         77.    As a direct and proximate result of Defendants' fraud, Plaintiffs have been

26   damaged in an amount in excess of $300,000.00, which amount will be particularly set forth

27   according to proof at the time of trial in this matter.  Post-judgment interest shall accrue on the

28   entire amount of any judgment on this claim at the maximum legal rate of ten percent (10.00%) per

19

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1    annum until payment is made.

2              78.   The aforementioned conduct of Defendants constituted intentional

3    misrepresentation and deceit made with the intention, on the part of Defendants, to deprive

4    Plaintiffs of property, causing injury.  The conduct was despicable and subjected Plaintiffs to a

5    cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of

6    exemplary and punitive damages against Defendants.  Punitive damages should be awarded against

7    Defendants in an amount sufficient to punish the Defendants for such despicable conduct, to make

8    an example of them, and to act as a deterrent to prevent similar conduct by Defendants and others

9    in the future.

10             79.   This Court has jurisdiction over this claim for relief pursuant to 28 U.S.C.

11   §1332(a) because there exists a complete diversity of citizenship among the parties and the amounts

12   at issue in this claim are well in excess of this Court's jurisdictional minimum.

13                                  **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiffs pray for relief as follows:

15             1.    That Plaintiffs be awarded a judgment in their favor and against the

16   Defendants for each of the Claims for Relief set forth in this Complaint;

17             2.    For damages consisting of, but not limited to, the following:

18        a.    Actual and consequential damages, including economic, general and special

19              damages, caused by the Defendants' conduct as alleged herein;

20        b.    Treble damages as permitted by the RICO Act;

21        c.    Attorney's fees and all costs, including expert expenses, incurred by

22              Plaintiffs as a result of Defendants' conduct as permitted by both Federal

23              and California state law both before and after the filing of this Complaint;

24        d.    Punitive damages in an appropriate amount in the discretion of the jury as

25              permitted by both Federal and California state law, and more specifically

26              under the Second, Third and Forth Claims for Relief, for Intentional

27              Misrepresentation, False Promise Without the Intent to Perform, and

28              Conspiracy to Defraud;

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

20

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1          3.      For Judgment that Defendants disgorge to Plaintiffs all amounts received by

2    Defendants from Plaintiffs.

3          4.      That Plaintiffs be awarded such other and further relief as the Court deems

4    just and proper.

5

6    Dated: November 12, 2008                    McCORMICK, BARSTOW, SHEPPARD,
                                                 WAYTE & CARRUTH LLP
7

8
                                         By:   /s/ William H. Littlewood
9                                              William H. Littlewood
                                               Attorneys for Plaintiffs
10                                             MICHAEL ROSS; BELLA PORTIA
                                               ROSS; and M ROSS PHILIPPINES
11                                             CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury on all issues, counts, claims and

3   allegations contained within this Complaint or to be pleaded in the future, if necessary.

4

5   Dated: November 12, 2008                    McCORMICK, BARSTOW, SHEPPARD,
                                                WAYTE & CARRUTH LLP

6

7                                        By:   /s/ William H. Littlewood

8                                              William H. Littlewood
                                               Attorneys for Plaintiffs
9                                              MICHAEL ROSS, an individual; M ROSS
                                               PHILIPPINES CORP., a Philippines
10                                             corporation

11   75823/00000-1321260.v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

COMPLAINT FOR CIVIL RICO, INTENTIONAL MISREPRESENTATION, FALSE PROMISE WITHOUT
INTENT TO PERFORM, AND CONSPIRACY TO COMMIT FRAUD