UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROSS, an individual;
BELLA PORTIA ROSS, an
individual; M. ROSS
PHILIPPINE CORPORATION, a
Philippines corporation,

        NO. CIV. S-08-2723 LKK/KJM

    Plaintiffs,

  v.                          O R D E R

RACHEL ALLEN REVIEWERS USA,
INC., a Philippines
corporation; REGNAR DELEON,
an individual; RAQUEL DELEON,
an individual; and DOES 1-25,
inclusive,

    Defendants.

                           /

    Plaintiffs Michael Ross, Bella Portia Ross, and M Ross Philippine Corporation have brought suit against defendants Rachell Allen Reviewers USA, Inc., Regnar de Leon, Raquel de Leon, and unnamed defendants for violations of the Racketeer Influenced and Corrupt Organization Act (RICO), intentional misrepresentation, false promise, and conspiracy. Pending before the court is

1

defendants' motions in the alternative to dismiss for lack of personal jurisdiction or subject matter jurisdiction or for improper venue. The court resolves the motion on the papers. For the reasons stated herein, the motion is granted for lack of personal jurisdiction.

**I. Background**

**A. Allegations of the Complaint and Procedural History**

Plaintiffs filed a complaint in this court in November 2008. In it, they allege that defendant Rachell Allen Reviewers USA, Inc. "presented [plaintiffs] with the opportunity to start a nursing review and test preparation business located in the Philippines." Compl. ¶ 15. During these negotiations, plaintiffs allege, defendants made material misrepresentations about the business. Plaintiffs allege that they relocated to the Philippines based on these false representations and entered into a licensing agreement with Rachell Allen Reviewers USA, Inc. through its agent, defendant Regnar de Leon. As part of this business endeavor, plaintiffs Michael and Bella Portia Ross allegedly formed the M Ross Philippine Corporation, also named as a plaintiff.

Some time later, plaintiffs allegedly learned that the representations made by defendants were false. They allege causes of action for violations of RICO, intentional misrepresentation, false promise, and conspiracy. They seek compensatory, punitive, and treble damages and attorneys' fees.

Both plaintiffs and defendants acknowledge that a similar suit has been brought in the Philippines. See Declaration of Robert W.

Hunt In Support of Defendants' Motion to Dismiss ("Hunt Decl.") Ex. 2-3; Pls.' Opp'n to Defs.' Mot. to Dismiss at 6 (relying on same). That complaint was brought by the M. Ross Philippine Corportation, apparently filed in September 2008. Hunt Decl. Ex. 2. It alleges that defendants Regnar de Leon, Raquel de Leon and two other defendants made false representations to plaintiff is discussions regarding a nursing test preparation business. Id. The allegations of that complaint include those made in the instant suit, although with more detail than those of the instant suit. See generally id.; Compl. Plaintiff seeks damages in that suit and also alleges that defendants' conduct constitutes the crime of "estafa" or "swindling" under the Philippine Penal Code. Hunt Decl. Ex. 2. The complaint is signed by Bella Portia Ross, as President of the M. Ross Philippine Corporation. Id.

Defendant Regnar de Leon filed a counter-affidavit in the suit brought in the Philippines, which appears to be a form of Answer, in which he denied the plaintiffs' allegations. Hunt Decl. Ex. 3. This appears to have been filed in that suit in October 2008.

**B.     Evidence Relevant to Personal Jurisdiction Issue**

To support their assertion that this court has personal jurisdiction over the defendants, plaintiffs have submitted the declaration of plaintiff Michael Ross. In it, he declared that he "was presented with the opportunity to start a nursing review and test preparation business located in the Philippines." Declaration of Michael Ross in Opposition to Defendants' Motion to Dismiss ("Ross Decl.") ¶ 3. At the time, he was living in Vallejo,

California. Id. He further declared that, "[d]uring negotiations with Defendants regarding the license agreement, [he] resided in City of Vallejo, State of California. Defendants contacted [him] in California by electronic mail and telephone calls. . . ." Id. ¶ 4.

Defendants have tendered evidence relevant to the issue of personal jurisdiction as well. Defendant Regnar de Leon has declared that defendant Rachell Allen Reviewers USA, Inc. is a Philippine corporation, "not incorporated in the United States" and that it "does not have a business presence in the United States." Declaration of Regnar de Leon In Support of Defendants' Motion to Dismiss ("De Leon Decl.") ¶ 12. He also has declared that, "Defendants never directed any conduct at all into the State of California." Id. ¶ 13. According to the declaration,

> Plaintiffs Mr. and Mrs. Ross were in the Philippines when [Regnar de Leon] (and [his] mother, Defendant Raquel de Leon) first met them, and Plaintiffs Mr. and Mrs. Ross were in the Philippine when [the parties] negotiated the licensing agreement. [Regnar de Leon's] initial contact with Plaintiffs Mr. and Mrs. Ross was through their agent, Oliver Juanir, in the Philippines.

Id.

Plaintiffs alleged in their complaint, and defendants do not dispute, that defendant Regnar de Leon has his principal place residence in the Philippines, defendant Raquel de Leon has her principal place of residence in Michigan, and defendant Rachell Allen Reviewers USA, Inc. is a Philippine corporation. Compl. ¶¶ 8-10; see also Defs.' Mot. to Dismiss at 9; De Leon Decl. ¶¶ 4, 12. Regnar de Leon is also alleged to have a residence in Illinois.

4

Compl. ¶ 9.

## II. Standard for a Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988).

Analysis of the appropriateness of the court's personal jurisdiction over a defendant in a case in which the court exercises diversity jurisdiction begins with California's long arm statute. Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974). California's long arm statute authorizes the court to exercise personal jurisdiction on any basis consistent with the due process clause of the United States Constitution. Cal. Code Civ. Proc. § 410.10; Rocke v. Canadian Auto Sport Club, 660 F.2d 395, 398 (9th Cir. 1981).

Consistent with the due process clause, the court may exercise personal jurisdiction over a defendant when the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). If the defendant is domiciled in the forum state, or if the defendant's activities there are "substantial, continuous and systematic," a federal court can exercise general personal jurisdiction as to any cause of action involving the defendant, even if unrelated to the defendant's activities within

the state. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952); Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

If a non-resident defendant's contacts with California are not sufficiently continuous or systematic to give rise to general personal jurisdiction, the defendant may still be subject to specific personal jurisdiction on claims arising out of defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985); Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986).

The court employs a three-part test to determine whether the exercise of specific personal jurisdiction comports with constitutional principles of due process. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). First, specific jurisdiction requires a showing that the out-of-state defendant purposefully directed its activities toward residents of the forum state or purposefully availed itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. Burger King, 471 U.S. at 474-75. Second, the controversy must be related to or arise out of defendant's contact with the forum. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). Third, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Haisten, 784 F.2d at 1397. If the defendant has had the requisite minimum contacts with the forum state, exercise of jurisdiction is presumed reasonable; at that

point, the burden lies on the defendant to show that jurisdiction over it would be unreasonable. <u>Sinatra</u>, 854 F.2d at 1195.

### III. Analysis

Defendants move to dismiss on the grounds that the court lacks personal jurisdiction, that the court lacks subject matter jurisdiction due to the inadequacy of plaintiffs' RICO allegations, and that venue is improper in this district. Because the court concludes that plaintiff has not shown that the court has personal jurisdiction over the defendants, it need not reach the alternate grounds.

As stated above, the court may exercise personal jurisdiction over a defendant where either the defendant has "substantial, continuous and systematic" contacts with the forum state (general personal jurisdiction), <u>Perkins</u>, 342 U.S. 437, or where the claim has arisen out of defendant's contacts with the forum state (specific personal jurisdiction). <u>Burger King Corp.</u>, 471 U.S. 462. Here, plaintiff contends that the court has specific personal jurisdiction over defendants. <u>See</u> Pls.' Opp'n to Mot. to Dismiss at 3-7.

In order for the court to exercise specific personal jurisdiction over the defendants, the plaintiffs must first show that defendants purposely directed its activities toward the forum state or purposely availed itself of the privilege of conducting business in the forum state. <u>Burger King Corp.</u>, 471 U.S. at 474-75. The crux of this inquiry is whether defendant had sufficient contacts with the forum state so as to reasonably expect to be

haled into court there. Id. at 474, citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant's contacts with the forum state must not be merely "random, fortuitous, or attenuated." Id. at 475, citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980) (internal punctuation omitted). Instead, the defendant must have created through its acts a substantial connection to the forum state. Id.

What suffices to meet this standard depends, of course, on the facts of the particular case. In Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990), the Ninth Circuit confronted a similar factual scenario as that alleged here, which serves as some guidance in the instant case. There, plaintiff had retained defendant as his attorney to represent him in a criminal prosecution in Florida. Sher, 911 F.2d at 1360. Defendant was based in Florida, while plaintiff resided at the time in California. Id. As such, the defendant had mailed the retainer agreement to plaintiff in California, where it was executed; plaintiff's wife sent payment checks to the defendant drawn from California banks; a deed of trust on plaintiff's home in California secured the payments and was held by a California attorney on defendant's behalf; and defendant went to California multiple times to meet with plaintiff. Id. Eventually a dispute arose between the parties and plaintiff sued defendant in a federal district court in California for malpractice. Id.

The court held that there were sufficient contacts to support

8

specific personal jurisdiction. Id. at 1362. Applying Sinatra, 854 F.2d at 1195, the court explained that a defendant has purposefully availed itself of the benefits of the forum state where it has "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Id. Although plaintiff alleged tort causes of action against defendant, the tort arose from the contractual relationship between the parties. Id. Nevertheless, the existence of the contract with a party in the forum state or the fact that it was executed in the forum state does not, without more, suffice to establish purposeful availment. Id., citing Burger King, 471 U.S. at 478. Instead, the court must consider "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' course of dealing." Id.

Applying this rule, the court held that most of defendant's contacts with California were insufficient to show that he had a substantial connection with the state. The execution of the retainer agreement in California, the payments to defendant from a California bank, and the defendant's visits to California alone were not sufficient. Id. at 1363. Although these acts occurred in California and laid the basis of the parties' relationship, there was no evidence that they were undertaken by defendant to deliberately create a substantial connection with California. Id. at 1362-63. This was particularly true because those acts were performed as incidental to defendant's representation of plaintiff in Florida. Id. at 1363. Significantly, neither defendant nor his

partners had affirmatively acted to solicit business in California. Id. at 1362.

The execution of the deed of trust, however, did indicate the defendant's substantial connection with the state that "contemplated significant future consequences in California." Id. at 1363 (internal citations omitted). This taken together with the defendant's other contacts with California constituted personal availment. Id. at 1363-64.

The Sher court's conclusion comports with that of other Circuit cases that have also faithfully applied the High Court's rule that only significant contacts with the forum state constitute purposeful availment. See, e.g., Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) (a "long transaction for the sale of one item" in the forum state does not constitute purposeful availment); Omeluk v. Langsten Slip & Batbyggeri, 52 F.3d 267, 271 (9th Cir. 1995) (defendant's purchase of items for a ship and initial docking in the forum state did not create substantial contacts with it); cf. T.M. Hylwa, M.D., Inc. v. Palka, 823 F.2d 310, 314-15 (9th Cir. 1987) (accountant's on-going provision of services to his client after the client moved to California evinced a continuous relationship with the forum state constituting purposeful availment); Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1479 (9th Cir. 1986) (defendant's provision of health coverage to a person residing in California suggested significant, on-going contacts with the state, demonstrating purposeful availment).

Here, plaintiffs have not shown any of the defendants have had significant contacts with California that could fairly be characterized as having purposefully availed themselves of the privilege of conducting business here. The entirety of plaintiffs' evidence on this issue is the following portion of plaintiff Michael Ross's declaration:

> In or about the Spring of 2007, I was presented with the opportunity to start a nursing review and test preparation business located in the Philippines. At the time this opportunity presented itself, I was residing in the City of Vallejo, State of California. During negotiations with Defendants regarding the license agreement, I resided in City of Vallejo, State of California. Defendants contacted me in California by electronic mail and telephone calls. . . .

Ross Decl. ¶¶ 3-4. This is plainly insufficient to meet plaintiffs' burden.

First, significantly, there is no evidence that defendants contacted or solicited plaintiffs' business while the latter resided in California, or that it was defendants who presented plaintiffs with the business opportunity. In fact, the evidence tendered suggests that there was a third party who may have facilitated plaintiffs' contact with defendants about the business opportunity. See De Leon Decl. ¶ 6 (declaring that plaintiffs "engaged the services of Oliver Juanir, who contacted [defendant Regnar de Leon] and asked whether RAR would offer a review program to his clients"); see also Hunt Decl. Ex. 2 (complaint filed in Philippines) ¶¶ 6-9 (alleging Oliver Juanir made representations about defendants that later proved false). This is significant because where a defendant has solicited plaintiff's business in the

11

forum state, this has been held to weigh in favor of finding there was purposeful availment. See Sher, 911 F.2d at 1362; Sinatra, 854 F.2d at 1195; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986); Taubler v. Giraud, 655 F.2d 991, 994 (9th Cir. 1981). Plaintiffs do not argue nor have tendered any evidence that the third party who may have been involved was an agent of defendants.

Second, there is no evidence that defendants' contacts with California, if any, were for the purpose of establishing a continuous business relationship in California. It is undisputed that the purpose of any contacts between defendants and plaintiffs, while the latter resided in California, was to facilitate a business venture in the Philippines. In this way, the facts of this case are distinguishable from those cases where a defendant has been held to have purposefully availed himself of the benefits of the forum state by establishing a business relationship with a party who continued to be located in California. See Palka, 823 F.2d at 314-15; Hirsch, 800 F.2d at 1479. Instead, as in Sher, defendants' acts performed to create a business relationship that would exist elsewhere cannot alone demonstrate the type of substantial contacts with the state that renders proper the assertion of jurisdiction over the defendant. See Sher, 911 F.2d at 1362; see generally Burger King Corp., 471 U.S. at 474-75.

Even if a defendant could have found to have purposefully availed itself of the forum state through conducting the type of negotiations alleged here, plaintiff simply has not tendered enough

12

evidence from which the court can determine whether these actions represent significant contact with California or mere random and intermittent acts. See Burger King Corp., 471 U.S. at 474-75. Plaintiffs have tendered no evidence regarding the number or frequency of communications between defendants and them while the plaintiffs were in California, nor which defendants participated in those communications. Plaintiffs have simply not met their burden in this regard.

Finally, although this dispute arises out of a contractual relationship regarding the licensing of defendants' product, plaintiffs' causes of action sound in tort. Like the Sher court, the court considers the "purposeful availment" analysis to best capture the nature of this relationship. However, when torts are at issue, the Circuit has typically considered personal jurisdiction in terms of whether defendant purposefully directed its activities to the forum state, causing a harm that it knew would likely be suffered in the forum state. See Menken v. Emm, 503 F.3d 1050, 1057-58 (9th Cir. 2007), citing Calder v. Jones, 465 U.S. 783, 789-90 (1984).

Even if this were the proper approach in the instant case, plaintiffs have tendered no evidence to suggest that this test would be met either. Plaintiffs have not tendered evidence, first, that establishes that defendants knew or should have known that plaintiffs resided in California. See Ross Decl. ¶¶ 4, 7 (stating that defendants' contact with plaintiffs was by e-mail and telephone). Additionally, plaintiffs' allegations are that

defendants, through their misrepresentations, induced plaintiffs to begin a new business in the Philippines. See id. ¶ 3. Plaintiffs have not shown, nor is it apparent to the court, why any harm suffered by them may not properly be considered to have occurred in the Philippines rather than California. Accordingly, even under the purposefully direction analysis, plaintiffs have failed to show that the first prong of the test for specific personal jurisdiction has been met.

Because plaintiffs have failed to satisfy the first prong of the test, the court need not consider the second or third prongs. See Boschetto, 539 F.3d at 1016; Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006); Omeluk, 52 F.3d 267. Defendants' motion is therefore granted for lack of personal jurisdiction.

### IV. Conclusion

For the reasons stated herein, defendants' motion to dismiss is GRANTED.

The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: April 2, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14